UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER TOUCHET AND<br>SUSIE TOUCHET | CIVIL ACTION |
| VERSUS | NO. 15-5997 |
| FCA US LLC,<br>ACADIANA DODGE, INC, AND<br>AMERICREDIT FINANCIAL<br>SERVICES, INC | SECTION "K" (5)<br>*Flag Section "C"* |

**Order & Reasons**

Before the Court is the memoranda of plaintiffs, responding to the Court's order to show cause that the jurisdictional minimum has been met in this case. *See* Rec. Doc. 9. Plaintiffs Christopher and Susie Touchet allege that defendants FCA US LLC, Acadiana Dodge, Inc., and Americredit Financial Services, Inc. violated state contract and tort law, as well as the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. *See* Rec. Doc. 1 at 5–9. Plaintiffs' complaint invokes the Court's federal question jurisdiction as to breach of implied and express warranty claims under the Magnuson-Moss Warranty Act and supplemental jurisdiction as to state law claims for redhibition, lender liability, and negligent repair. *See id.* at 5–9.

Because federal courts do not have original jurisdiction over Magnuson-Moss Warranty Act claims involving an amount in controversy under $50,000, the Court ordered supplemental briefing to determine if the jurisdictional minimum existed at the time the plaintiffs filed their complaint. *See* Rec. Doc. 5. Because the Court now concludes that plaintiffs have not met their burden to show the amount in controversy is at least $50,000, the Court now DISMISSES plaintiffs' complaint without prejudice for lack of subject matter jurisdiction.

## I.  Background

Plaintiffs allege that they purchased a truck from defendant Acadiana Dodge, Inc. *See* Rec. Doc. 1 at 2. The purchase allegedly included an express warranty offered by defendant FCA US LLC. *See id.* at 4. The contract was later assigned to defendant Americredit Financial Services. Inc.. *See id.* Plaintiffs allege that the sales prices for the truck was $47,000. *See id.* at 2–3. Plaintiffs further allege that the "total cost of the vehicle to Plaintiffs including finance charges will be over $50,000." *Id.* at 3. In their supplemental briefing, plaintiffs contend that the total price was $50,797.50 after tax, insurance premiums, and fees. *See* Rec. Doc. 9 at 3.

Plaintiffs allege that the truck had numerous defects during the warranty period, requiring the plaintiffs to return the truck to defendants on six occasions for repairs. *See* Rec. Docs. 1 at 4 & 1-1 at 3. Plaintiffs allege that "[f]rom the date of its purchase, the [truck] continues to this day to exhibit some or all of the non-conformities" and note that the defects "substantially impaired its use, value and safety." Rec. Doc. 1 at 5.

## II.  Standard of Review

The subject matter jurisdiction of federal courts is limited to what is set forth in the Constitution and what is conferred by Congress. *See Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 887–90 (5th Cir. 2014). The Court may sua sponte ensure that subject matter jurisdiction exists at any stage of judicial proceedings. *See In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). The party invoking a federal court's jurisdiction bears the burden of showing that federal jurisdiction exists. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993).

## III.  Discussion

Plaintiffs' claim under the Magnuson-Moss Warranty Act is the only ground upon which the Court could have original jurisdiction. *See generally* Rec. Doc. 1. That Act gives federal

courts the authority to hear breach of warranty claims so long as the amount in controversy is at least $50,000, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d)(3)(B). "Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy." *Scarlott*, 771 F.3d at 887. The amount in controversy cannot include personal injury damages, attorneys fees, or damages under pendent state-law claims. *See id.* This means the Court here will focus only damages arising from plaintiffs' breach of warranty claims.

How a federal court determines the amount in controversy depends on whether or not the complaint alleges a specific amount of damages. *See Scarlott*, 771 F.3d at 888. When a specific amount is not alleged in the complaint, the party invoking federal jurisdiction has the burden of showing the amount in controversy is at least $50,000 by a preponderance of the evidence. *See id.* That burden can be satisfied either by establishing that it is "facially apparent" that the claims are likely to be at least $50,000 or by presenting "summary judgment-type" evidence. *See id.*

Before analyzing plaintiffs' complaint, the Court finds it necessary to first establish how damages for breach of warranty claims are determined in Louisiana. Citing to a string of non-Louisiana cases, plaintiffs contend that the formula for calculating damages from their breach of warranty claims is "the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the Plaintiffs received from the use of the allegedly defective vehicle." *See* Rec. Doc. 9 at 2–3. Because it appears that plaintiffs seek total rescission as a result of an implied warranty against redhibitory defects under state law (Rec. Doc. 1 at 5), the Court concludes, in an abundance of caution, that the appropriate formula is actually "restoration of the purchase price, plus reimbursement of reasonable expenses occasioned by the sale and expenses incurred in the preservation of the item . . . minus any appropriate discount for the value the buyer received from use of the item." *See Patin v. Thoroughbred Power Boats,*

3

*Inc.*, 294 F.3d 640, 655 (5th Cir. 2002); *see also Dartez v. United Homes, Inc.*, Civ. A. No. 15-1749, 2015 WL 5159069 at *3 (W.D.La. Sept. 2, 2015) (discussing difference between Louisiana breach of warranty law and the Texas law applied in *Scarlott*, 771 F.3d at 887); *see also Palmer v. Benson Toyota Co., Inc.*, No. 93–CA–1059 (La. App. 5 Cir. 9/16/94); 641 So.2d 547 (describing obligations of seller even with express "without any warranty" clause).[1]

    Here, plaintiffs do not allege a specific amount of damages, instead alleging that "Plaintiffs have been damaged in an amount in excess of $50,000 according to proof at trial." *See* Rec. Doc. 1 at 7. Furthermore, the Court cannot conclude from the face of the complaint that damages total or exceed $50,000. The complaint alleges the cost of the car was $47,000. *See id.* at 2. While the complaint does state that the "total cost of the vehicle to Plaintiffs including finance charges will be over $50,000," the Court does not find that conclusory allegation sufficient to conclude that it is facially apparent that the amount in controversy is at least $50,000. Furthermore, an exhibit to the complaint indicates that the plaintiffs put at least 10,986 miles on the truck, indicating that the plaintiffs derived more than de minimis value from the use of the truck. *See* Rec. Doc. 1-1 at 4.

    As such, the burden rests on plaintiffs to demonstrate with "summary judgment-type" evidence that damages are likely to total or exceed $50,000. Plaintiffs' supplemental brief provides a summary of the purchase price and "out of pocket repair expenses" totaling $50,797.50. *See* Rec. Doc. 9 at 3. Plaintiffs, however, provide no evidence regarding the value of plaintiffs' use of that truck, other than the exhibit to the complaint indicating that plaintiffs have put at least 10,986 miles on the truck. *See* Rec. Doc. 1-1 at 4. Louisiana courts have varied in

---

[1] The Court leaves open the possibility that a more restrictive formula for calculating damages under the Magnuson-Moss Warranty Act actually applies. By employing the *Patin* formula, the Court demonstrates that, even under the most liberal, known formula for calculating plaintiffs' damages, plaintiffs cannot establish by a preponderance of the evidence that the amount in controversy is at least $50,000.

calculating the reduction in damages for miles driven. *See Carpenter v. Lafayette Woodworks, Inc.*, No. 94-1011 (La. App. 3 Cir. 2/1/95); 653 So.2d 1187, 1198 ($0.29 for every mile put on the defective mobile home)*, Palmer*, 641 So.2d at 551 ($0.15 for every mile put on defective car)*, LeBlanc v. Mercedes-Benz of N. Amer., Inc.*, No. 93-907 (La. App. 3 Cir. 4/07/94); 633 So.2d 399, 404 (same). Taking the lowest of these rates, which was set in 1994 and presumably would be subject to an upward adjustment, damages would nonetheless be reduced by $1,647.90 (10,986 miles multiplied by $0.15). Even assuming that each of the itemized costs listed by plaintiffs is eligible to be counted towards damages, the amount in controversy would fall under $50,000.

The Court cannot conclude that plaintiffs have satisfied their burden to show by a preponderance of the evidence that the amount in controversy in this case is at least $50,000. As such, the Court does not have subject matter jurisdiction over plaintiffs' Magnuson-Moss Warranty Act claim and therefore cannot exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

Accordingly,

IT IS ORDERED that the above-caption action, Number 15-5997, be and hereby is DISMISSED without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this  8th   day of  _____January_____, 2016.

                                                **STANWOOD R. DUVAL, JR.**
                                                **UNITED STATES DISTRICT JUDGE**